IN THE ___Circuit___ COURT OF_BALTIMORE_ COUNTY
STATE OF MARYLAND

| | | |
|---|---|---|
| **GERTRUDE TUCK,** | ) | |
| | ) | |
| Petitioner/Plaintiff, | ) | |
| 7206 Orth Rd Balto., MD 21219 | ) | |
| vs. | ) | NO: __03-C11-009183__ |
| | ) | |
| **GMAC MORTGAGE,** | ) | |
| | | |
| Respondent/Defendant. | ) | |

3451 Hammond Ave
Waterloo, IA 50702
C/O Resident agent
32 South St. Balto., MD 21202

**Armour Settlement Services, LLC,**)

Respondent/Defendant.     )

10220 S Difeld Road #200
Owings Mills, MD 21117

**Fidelity National Title**     )

Respondent/Defendant.     )

9891 Broken Land Pkwy #300
Columbia, MD 21046-3002

### COMPLAINT

COMES NOW, **GERTRUDE TUCK,** Petitioner/Plaintiff (hereinafter referred to as "Petitioner/Plaintiff") of record, files her Complaint against the Respondent/Defendant **GMAC MORTGAGE and John Doe Title Company** (hereinafter referred to as "Respondent/Defendant") and in support thereof would respectfully show unto the Court the following, to-wit:

1

**Exhibit A**

1. Petitioner/Plaintiff, is an adult resident citizen of Baltimore County, State of Maryland, homeowner and resident of 7206 Orth Road, Baltimore, Maryland 21219. (hereinafter referred to as "the Property').

2. Petitioner/Plaintiff has been a resident of the aforementioned residence for nine (9) years.

3. On or about March 27. 2002, Petitioner/Plaintiff purchased the Property (identified as 7206 Orth Road, Baltimore, Maryland, Parcel number : 15-1512201931, Lot 4) Annexed hereto and made a part hereof as Exhibit "A" is a copy of Wells Fargo Home Mortgage, Inc., supplemental loan closing instructions.

4. On June 18, 2010, Petitioner/Plaintiff refinanced the Property with Community First Bank, loan number 1010077712. The name and address of the title insurance company insuring Community First Bank was Stewart Title Guaranty Company, Policy No.: U-9375-000035698 in the amount of $173,825.00. Annexed hereto and made a part hereof as Exhibit "B" is a copy of Short Form Residential Loan Policy issued by Stewart Title Guaranty Company.

5. Following the above mentioned refinance with Community First Bank, GMAC bought the note from Community First Bank. In or about May, 2011, Plaintiff/Petitioner was informed that there was a change in the estimate of the market value of her property. Upon inquiry, Plaintiff/Petitioner was informed that there was a parcel of land **next** to her property that was **missed** and in actuality was part of her property, Lot 4. This **missed** parcel was known as parcel number 15-1502001081, Lot 5. Plaintiff/Petitioner was advised by tax and assessment to combine the two parcels and she would qualify the lots as one to receive Homestead Tax Credit. The petitioner when house was purchased from HUD that the lots were then one. On June 1,

2011, Petitioner/Plaintiff requested parcels 15-12201931 and 15-02002081 be combined for the purpose of correcting records and tax bills and on June 23, 2011, Petitioner/Plaintiff received a letter confirming said combination. Defendant was informed of everything Petitioner/Plaintiff was doing to investigate and resolve Defendant did not adhere to Petitioners request. However, Petitioner/Plaintiff was informed by tax and assessment at that time, there were unpaid taxes due and owed still on said property. The tax credit office advised Petitioner to wait until both parcels are made one before satisfying the tax. The Homestead Tax Credit upon the combining the two parcels would be in place by September which will lower the tax to an adjusted amount, Defendant was informed. Annexed hereto and attached as Exhibit "C" are copies of request and letters from Department of Assessments and Taxation.

6. Although Petitioner/Plaintiff wanted to apply for the Homestead Tax Credit, she was advised she had to wait until both parcels showed the parcels combined in public records in September 2011 at which time she will then qualify for the Homestead Tax Credit. She was further advised that if any taxes were paid prior to the update, the credit will not apply.

7. Petitioner/Plaintiff respectfully wishes to advise this Court that she was never notified, orally or in writing, that there were unpaid taxes due and owing on Lot 5 prior to her request to combine both lots. Furthermore, without any notification whatsoever from GMAC or the title insurance company, who was paid to be responsible for any "mistake" or "missed" happenings, nine (9) years of back taxes totaling ___about $6K ?___ was paid by GMAC. Petitioner/Plaintiff was then notified, that now that all taxes were paid, her monthly mortgage payment was now $1,629.64 rather than the $1,186.00 that was being paid prior to nine (9) years back taxes being paid that, in fact, were not the responsibility of Petitioner/Plaintiff.

3

The Lot that had the back taxes was still under HUD and was not transferred to Petitioner until June of 2010.

8. It is respectfully submitted that, again, without any prior knowledge, Petitioner/Plaintiff's mortgage company GMAC unilaterally increased her mortgage payment, never advising her, yet expecting Petitioner/Plaintiff to have an additional four hundreds a month extra to pay them for taxes they paid without her knowledge or consent. Respectfully, why would Petitioner/Plaintiff have to pay taxes that she does not owe?

9. It is also respectfully submitted that Petitioner/Plaintiff **immediately** notified GMAC of the situation she was in and advised she was looking into the matter but at that time could only continue to pay the mortgage amount agreed to at closing. Only the taxes were being disputed. However, Petitioner/Plaintiff was advised that her payment of $1,186 **would not** be accepted, only the full amount of $1,676.00 that GMAC was telling her was now due since the payment of taxes, again, taxes she did not owe..

10. Petitioner/Plaintiff has repeatedly called GMAC advising them of her continued contact with the Department of Assessment and Taxation and requests to have someone from the title company to correct their mistake and make her whole again. Notwithstanding the fact that Petitioner/Plaintiff has repeatedly asked for assistance, GMAC has not tried to get to the bottom or even contact the title insurance company that insured them, only sending her letters stating she could contact a team member, even though she has over and over again with nothing being settled other than telling her they would foreclose on her property unless she paid the stated amount that included penalties and nine (9) years of back taxes on property she did not own until 2010. The refinanced occur in June 2011 and GMAC bought the note in August 2011 and only one parcel is on the DEED. Honorable Court, it is respectfully

4

questing the reason of Petitioner/Plaintiff even paid for a title company when they made this horrendous mistake and nothing is being done by them to assist.

11. At this time, GMAC refuses to accept any mortgage payments. There is interest, principal and escrow due. Although the escrow for back taxes is in dispute, GMAC will not even accept payment for interest and principal. Please be advised that Petitioner/Plaintiff has set up a separate bank account in good faith with the amount of the norm representing the monthly payment of $1,186 minus court filing fees with __TD Bank__ account __#4256184501.__ Petitioner/Plaintiff does not want this matter to end up in the hands of foreclosure attorneys. This is her home.

12. Petitioner/Plaintiff charges and alleges that at this time, GMAC was negligent in various acts and omissions, including but not limited to the following:

      A. By not notifying Petitioner/Plaintiff that there were unpaid taxes due and owing on property transferred;

      B. By paying taxes on Lot 5 without further inquiry as to whose responsibility it was to pay for those taxes; and

      C. By ruining Petitioner/Plaintiff's credit with default notices and threats of foreclosure.

13. As a direct result of the aforesaid acts and conduct of Respondent/Defendant, Plaintiff has incurred the following expenses in addition to losing the qualification of adding second lot initially for the Homestead Credit Act:

14. The aforesaid acts and omissions of the Respondent/Defendant were so grossly negligent, wanton, reckless and in such complete disregard to Petitioner/Plaintiff's

unfortunate circumstance regarding the transfer and ownership of Lot 5 that she has suffered undo stress, emotional turmoil, loss of credit stability, potential employment and has incurred Court costs, fees and damages and asking for of $ 173,000 **balance of house**.

**WHEREFORE,** Petitioner/Plaintiff brings this suit/claim and demands the following: reimbursement to her escrow account in the amount of the nine years of unpaid taxes that were paid for years prior to her ownership/transfer of Lot 5; reimbursement of late fees and penalties imposed on her mortgage account; advisement to all credit reporting agencies that my mortgage is in good standing; and a letter of apology together with all costs of Court to be taxed herein.

Respectfully submitted,

**GERTRUDE TUCK**
**Petitioner/Plaintiff**
7206 Orth Road
Baltimore, Maryland 21219
Telephone number: 301 775-0375

**CERTIFICATE OF SERVICE**

I,                        , do hereby certify that I have this day mailed U.S. Mail, postage prepaid, a true and correct copy of the above and foregoing to **GMAC MORTGAGE,** at the following address **3451 Hammond Avenue, Waterloo, IA 50702 and** Stewart Title Guaranty Company,
   THIS the          day of              , 2011.