IN THE CIRCUIT COURT FOR BALTIMORE COUNTY, MARYLAND

| | | |
|---|---|---|
| GERTRUDE TUCK | : | |
|     Plaintiff, | : | |
| v. | : | Case No. 03-C11-009183 |
| GMAC MORTGAGE, et al. | : | |
|     Defendants. | : | |

### MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED

Defendant, Fidelity National Title Company ("Fidelity"), by and through its undersigned attorneys, Bradford S. Bernstein and Miles & Stockbridge P.C., submits this Motion to Dismiss for Failure to State a Claim Upon Which Relief May Be Granted, and in support thereof, states as follows:

**I.  PRELIMINARY STATEMENT**

Fidelity understands that Plaintiff is litigating this matter *pro se* but, it does not excuse her from adhering to the procedural rules and pleading standards in the same manner as those represented by counsel. *Department of Labor v. Woodie*, 128 Md.App. 398, 411, 738 A.2d 334 (1999), *quoting Tetrick v. Layman*, 95 Md.App. 62, 68, 619 A.2d 201 (1993) ("It is a well-established principle of Maryland law that *pro se* parties must adhere to procedural rules in the same manner as those represented by counsel. Indeed, [the Court of Special Appeals] has stated that "the principle of applying the rules equally to *pro se* litigants is so accepted that it is almost self-evident.") With this in mind, it is clear that Plaintiff, Gertrude Tuck ("Ms. Tuck"), has failed to state a claim upon which relief may be granted as it relates to Fidelity. As a result, the Complaint must be dismissed.

1

FILED OCT 21 2011

II.   **FACTS SET FORTH IN COMPLAINT**

On September 15, 2011, Ms. Tuck filed this Complaint against GMAC Mortgage ("GMAC"), Armour Settlement Services, LLC ("Armour") and Fidelity. In the introductory paragraph of the Complaint, Ms. Tuck asserts that the Complaint is against GMAC and John Doe Title Company. There is no mention of either Armour or Fidelity in the introductory paragraph or anywhere else in the body of the Complaint.

According to the Complaint, Ms. Tuck purchased the property identified at 7206 Orth Road, Baltimore, Maryland 21219 (the "Property") on or about March 27, 2001. Complaint at ¶ 2. On June 18, 2010, Ms. Tuck refinanced the Property with Community First Bank and a title insurance policy was obtained by Stewart Title Guaranty Company[1]. Complaint at ¶ 4. GMAC apparently bought the note from Community First Bank. Complaint at ¶ 5.

In May of 2011, Ms. Tuck was informed about a change in the value of her Property based on a lot next door that was now being included as part of her Property. *Id.* As a result of this change, the County was now alleging that she owed additional taxes on the Property. *Id.* Ms. Tuck attempted to combine the two lots so she could request a Homestead Tax Credit and lower the tax obligation. *Id.* Ms. Tuck informed GMAC of her plan to lower the taxes but GMAC went forward and paid the back taxes owed which totaled approximately $6,000. Complaint at ¶ 6. As a result of this payment, GMAC increased her monthly payments by over $400 a month. Complaint at ¶ 7.

As a result of these facts, Ms. Tuck alleges that GMAC was negligent by (a) not notifying Ms. Tuck that there were unpaid taxes due and owing on the Property; (b) paying the taxes on

---

[1] Ms. Tuck apparently attached several exhibits to the Complaint including a copy of Wells Fargo Home Mortgage's loan closing instructions (Exhibit A), the Stewart Title Residential Loan Policy (Exhibit B), and letters from the State Department of Assessments and Taxation (Exhibit C). Unfortunately, those exhibits were not provided in the Complaint obtained by Fidelity and the undersigned is unaware if they were included with the original Complaint.

this lot without further inquiry as to whose responsibility it was to pay them; and (c) ruining Ms. Tuck's credit with default notices and threats of foreclosure. Complaint at ¶ 12.  There are no causes of action asserted against Fidelity or Armour.  Ms. Tuck seeks damages of $173,000.  Complaint at ¶ 14.

### III.  STANDARD OF REVIEW

The purpose of a motion to dismiss filed pursuant to Maryland Rule 2-322 is to have a legal question decided before trial of the action on its merits. *Irvine v. Montgomery County*, 239 Md. 113, 210 A.2d 359 (1965). Under this rule, any defendant may seek a dismissal on the ground that the complaint fails to state a claim upon which relief can be granted. *Lubore v. RPM Assocs.*, 109 Md. App. 312, 674 A.2d 547 (1996).  Dismissal for failure to state a claim is only proper if the facts and allegations viewed in the light most favorable to the plaintiff would fail to afford the plaintiff relief as a matter of law. *Id.*  In considering the motion, the court must assume the truth of all relevant and material facts that are well pleaded and all the inferences which can reasonably be drawn from those pleadings. *Bennett Heating & Air Conditioning, Inc., v. NationsBank*, 103 Md. App. 749, 654 A.2d 949 (1995), *rev'd in part on other grounds*, 342 Md. 169, 674 A.2d 534 (1996). Any ambiguity or uncertainty in the allegations bearing on whether the complaint states a cause of action must be construed against the pleader. *Bobo v. State*, 346 Md. 706, 697 A.2d 1371 (1997). Mere conclusory charges that are not factual allegations need not be considered. *Shenker v. Laureate Educ., Inc.*, 411 Md. 317, 983 A.2d 408 (2009).

IV.   **ARGUMENT**

The Complaint filed by Ms. Tuck is deficient under Maryland Rule 2-322 and should be dismissed as (1) Fidelity is not even mentioned in the body of the Complaint and (2) there are no causes of action set forth against Fidelity.

### A. The Complaint Fails to State a Claim Against Fidelity.

To initiate a civil lawsuit properly in Maryland, a plaintiff must begin by setting forth one or more causes of action in a pleading. Md. Rule 2-303. The Rule goes on to explain that the subject matter of the claim must be stated "with such reasonable accuracy as will show what is at issue between the parties, so that, among other things, the defendant may be apprised of the nature of the complaint he is required to answer and defend. Md. Rule 2-303(b); *See e.g. Fletcher v. Havre De Grace Fireworks Co.*, 229 Md. 196, 177 A.2d 908 (1962). While the nature and amount of factual detail necessary or appropriate in each complaint will vary, the test of a sufficient complaint is whether the complaint, reasonably and fairly interpreted, presents a sufficient cause of action against each defendant, if all of the facts are considered to be true. *See Kendall v. Rogers*, 181 Md. 606, 31 A.2d 312 (1943).

While the instant Complaint attempts to track the issues that Ms. Tuck has with regards to the taxes on her Property and the issues she has had with GMAC in that regard, the Complaint is completely void of any mention of Fidelity. In fact, the Complaint is completely silent as to what role, if any, Fidelity may have played in this transaction. While the Complaint does mention a title insurance policy (and apparently attached a title policy from Stewart Title), the title insurance policy mentioned was obtained from Stewart Title Insurance Company (a separate and distinct company from Fidelity). More importantly, there is no cause of action asserted against Fidelity. Simply put, there is no reason why Fidelity should continue to defend itself in

this lawsuit when it has absolutely no idea what it would be defending. For these reasons, Fidelity requests that the Complaint against it be dismissed, with prejudice.

## V. CONCLUSION

Based on the arguments set forth above, Fidelity National Title Company respectfully requests that the Complaint against it be dismissed, with prejudice, and for such other and further relief as this Court deems just and proper.

Respectfully submitted,

_____
Bradford S. Bernstein, Esquire
Miles & Stockbridge P.C.
11 N. Washington Street, Suite 700
Rockville, Maryland 20850
(301) 762-1600
bbernstein@milesstockbridge.com

Attorney for Defendant, Fidelity National Title Company

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this ___19th___ day of October, 2011, a copy of the foregoing was mailed, postage prepaid, to:

Gertrude Tuck
7206 Orth Road
Baltimore, Maryland 21219

GMAC Mortgage
3451 Hammond Avenue
Waterloo, Iowa 50702

Jeffrey S. Yablon, Esquire
11500 Cronridge Drive, Suite 100
Owings Mills, Maryland 21117

Bradford S. Bernstein

# MILES & STOCKBRIDGE P.C.

**Bradford S. Bernstein, Esquire**
301.517.4811
bbernstein@milesstockbridge.com

October 19, 2011

Clerk of Court
Circuit Court for Baltimore County, Maryland
County Courts Building
401 Bosley Avenue
Towson, Maryland  21204

      Re:    <u>Gertrude Tuck vs GMAC Mortgage, et al.</u>
              Circuit Court for Baltimore County, Maryland
              Case No. 03-C-11-0099183

Dear Clerk:

    Enclosed please find a Fidelity National Title Company's Motion to Dismiss for Failure to State a Claim upon Which Relief May be Granted to be filed in the above referenced matter. Kindly date stamp and return the enclosed copies to me in the self-addressed, stamped envelope provided.

    Thank you for your assistance in this matter. Should you have any questions or concerns, please do not hesitate to contact me.

                                            Very truly yours,

                                            Bradford S. Bernstein

BSB:vec

Enclosures