| | | |
|---|---|---|
| **GERTRUDE TUCK** | * | IN THE |
| Plaintiff | * | CIRCUIT COURT |
| v. | * | FOR |
| **GMAC MORTGAGE, et al.** | * | BALTIMORE COUNTY |
| Defendants | * | CASE NO.: 03-C11-009183 |

\* \* \* \* \* \* \* \* \* \* \* \*

## MOTION TO DISMISS COMPLAINT FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED AND TO ENFORCE ARBITRATION AGREEMENT

ARMOUR SETTLEMENT SERVICES, LLC, Defendant, by and through its undersigned attorney, Jeffrey S. Yablon, submits this Motion to Dismiss in response to Plaintiff's Complaint, and in response thereto, respectfully states as follows:

1. **FACTUAL PREMISE**

    A.   That the Plaintiff, Gertrude Tuck, filed a Complaint against GMAC Mortgage ("GMAC"), Armour Settlement Services, LLC ("Armour") and Fidelity National Title ("Fidelity) on or about September 15, 2011.

    B.   That the Plaintiff asserts the Complaint is against GMAC and John Doe Title Company.

    C.   That with the exception of the case caption, there is no mention of Armour in the aforementioned Complaint filed by the Plaintiff nor is there any specific causes of action alleged against Armour in order to initiate a lawsuit properly in accordance with Md. Rule 2-303.

    D.   That the Plaintiff purchased a property identified as 7206 Orth Road, Baltimore, Maryland 21219 ("the Property") on or about March 27, 2001.



E.  That the Plaintiff refinanced the Property on June 18, 2010 with Community First Bank and a title insurance policy was obtained by Armour as an agent for Stewart Title Guaranty Company; thereafter GMAC apparently bought the note from Community First Bank.

F.  That in May of 2011, the Plaintiff was informed about a change in the value of her Property based on a lot next door that was now being included as part of her Property.

G.  That as a result of this change, the County was now alleging that she owed additional taxes on the Property.

H.  That Ms. Tuck attempted to combine the two (2) lots so she could request a Homestead Tax Credit and lower the tax obligation and informed GMAC of the same but GMAC had went forward with paying the back taxes owed in the approximate amount of Six Thousand Dollars ($6,000.00).

I.  That as a result of GMAC's payment of the back taxes the Plaintiff's monthly payments increased by over Four Hundred Dollars ($400.00) per month.

J.  That the Plaintiff seeks damages totaling One Hundred Seventy-Three Thousand Dollars ($173,000.00).

K.  That at the time of refinance, June 18, 2010, the Plaintiff entered into an Arbitration Agreement with Armour, attached hereto, marked "Exhibit A".

L.  That paragraph 4, "Voluntary Waiver" of the abovementioned Arbitration Agreement dated June 18, 2010, thereto binds the Plaintiff to exclusively resolve any dispute arising from the loan/title documents by arbitration, thus waiving any right to litigate any such disputes in Court and waiving any right to a trial by jury.

## 2. STANDARD OF REVIEW

The purpose of a Motion to Dismiss filed pursuant to Maryland Rule 2-322 is to have a legal question decided before trial of the action on its merits. *Irvine v. Montgomery County*, 239 Md. 113, 210 A.2d 359 (1965). Under this rule, any Defendant may seek a dismissal on the ground that the Complaint fails to state a claim upon which relief can be granted. *Lubore v. RPM Assoc.*, 109 Md. App. 312, 674 A.2d 547 (1996). Dismissal for failure to state a claim is only proper if the facts and allegations viewed in the light most favorable to the Plaintiff would fail to afford the Plaintiff relief as a matter of law. *Id.* In considering the Motion, the Court must assume the trust of all relevant and material facts that are well pleaded and all the interferences which can be reasonably drawn from those pleadings. *Bennett Heating & Air Conditioning, Inc., v. Nations Bank*, 103 Md. App. 749, 654 A.2d 949 (1995), *rev'd in part on other grounds*, 342 Md. 169, 674 A.2d 534 (1996). Any ambiguity or uncertainty in the allegations bearing on whether the Complaint states a cause of action must be construed against the pleader. *Bobo v. State*, 346 Md. 706, 697 A.2d 1371 (1997). Mere conclusory changes that are not factual allegations need not be considered. *Shenker v. Laureate Educ., Inc.*, 411 Md. 317, 983 A.2d 408 (2009).

## 3. DEFENDANT'S ARGUMENT

In the instant case, the Plaintiff's Complaint is deficient under Maryland Rule 2-322 and should be dismissed as (a) Armour is not mentioned in the Complaint filed in this case (b) nor is there any specific causes of action alleged against Armour in order to initiate a lawsuit or proper defense thereof.

Should the Plaintiff's Complaint be permitted to proceed, further Armour would be subject in having to defend itself against unspecified, unarticulated and specious assertions.

**WHEREFORE,** the Defendant, respectfully requests that this Honorable Court grant the following relief:

A. That the Plaintiff's Complaint be dismissed, with prejudice, in accordance with Maryland Rules of Civil Procedure 2-322 and 2-303.

**OR, IN THE ALTERNATIVE:**

B. That the Plaintiff's Complaint be dismissed pursuant to the terms and conditions of the Arbitration Agreement entered into on June 18, 2010, therefore rendering the instant action moot.

C. That the Defendant be awarded such other and further relief as this Court deems just and proper.

Respectfully Submitted,

Jeffrey S, Yablon, Esquire
Law Offices of Jeffrey S. Yablon
10220 South Dolfield Road, Suite 200
Owings Mills, Maryland 21117
443) 690-7800
jyablon@gmail.com
Attorney for Defendant

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this __18th__ day of October, 2011, a copy of the foregoing was mailed, first class, postage pre-paid to:

Gertrude Tuck
7206 Orth Road
Baltimore, Maryland 21219

GMAC Mortgage
341 Hammond Avenue
Waterloo, Iowa 50702

Bradford S. Berstein
Miles & Stockbridge P.C.
11 N. Washington Street, Suite 700
Rockville, Maryland 20850

_____
JEFFREY S. YABLON, ESQUIRE

## ARBITRATION AGREEMENT

This Arbitration agreement (this "Agreement") is an integral part of, and except as specifically set forth in this Agreement, shall apply to all aspects of the Settlement documents related to the mortgage loan (the "Loan") which the undersigned borrower(s) (the "Borrower") have applied for and are obtaining contemporaneously with the execution of this Agreement. In consideration of the Title Company (the "Title Company") reviewing and preparing all Title/Loan closing documents and conducting the settlement on behalf of the Lender making the Loan and the Borrower(s) and the Seller(s) (if applicable) (the "Seller") entering into the Loan/settlement transaction, and other parties' hereto-taking assignment of the Loan and providing services in connection with the Loan, the undersigned parties hereto agree as follows:

1. <u>Parties Bound by this Agreement</u>. This Agreement is made by and between Borrower(s), the Seller(s), and the Title Company, and each person or entity providing any title related settlement service for consideration, in connection with the Loan, including without limitation, the settlement agent, and any individual employee or agent of any party hereto. This agreement shall be considered a part of the Loan transaction and subsequent Loan settlement.

2. <u>Agreement to Arbitrate</u>. All parties bound by this Agreement as set forth in Section 1 hereof agree as follows:
    a. <u>Arbitrable Matters</u>. Except as specifically set forth in Section 3 of this Agreement, any and all disputes, claims, causes of action, controversies and disagreements arising from or relating to: (1) the Loan, or (2) the validity or legal sufficiency of any provision set forth in any of the Loan/Title related documents, or any disclosures, documents or papers executed in connection with the Loan or prepared in connection with the Loan, shall at the request of any party be resolved by binding arbitration and not by court action.

    b. <u>Applicable Arbitration Law and Procedures</u>: This Agreement is made pursuant to a transaction involving interstate commerce and specifically "commerce" as that term is used in the Federal Arbitration Act, 9 U.S.C. § 1, *et seq*. Any disputes, claims, causes of action, controversies and disagreements subject to this Agreement shall be settled and resolved as set forth herein by binding arbitration in accordance with the JAMS Financial Services Arbitration Rules & Procedures ("Rules") and the JAMS Policy on Consumer Arbitrations Minimum Standards of

EXHIBIT A

Procedural Fairness ("Policy"). This Arbitration Agreement is intended to be interpreted as broadly and as comprehensively as possible.

Jurisdiction and arbitrability disputes, including disputes over the existence, validity and interpretation or scope of this Arbitration Agreement, and who are proper parties to an arbitration, shall be submitted to and determined by the arbitrator.

The JAMS Rules and Policy can be obtained by calling JAMS at (800) 352-5267 and are also available at www.jams.adr.com. To the extent that this Arbitration Agreement does not comport with the applicable JAMS rules or policies, those rules and policies shall control and this Arbitration Agreement shall not in any other way be affected."

c. <u>Conduct of Arbitration</u>. Arbitration shall be conducted in the jurisdiction of where the property securing the Loan (the "Property") is located, unless the parties agree to a different location. The arbitrator shall be selected from a panel of 3 arbitrators submitted by the parties to the arbitration, by the parties either mutually agreeing on the arbitrator or striking persons from the panel until one person is left, that person being the arbitrator. The parties shall equally share the fees of the arbitrator and other jointly incurred reasonable expenses. The arbitrator shall have the power to authorize reasonable discovery and to issue any necessary orders and subpoenas. The parties agree that all discovery should be limited and expedited to the maximum extent practical, and the arbitrator is specifically requested and encouraged to minimize discovery and its cost to the maximum extent practicable. The arbitrator shall have the authority to award damages and grant such other relief the arbitrator deems appropriate, including reimbursement of a party's share of the fees and expenses of the arbitration. The arbitrator shall give effect to statutes of limitations in determining any claim. Any controversy concerning whether an issue is arbitrable shall be determined by the arbitrator. The arbitrator shall set forth in the awards findings of fact and conclusions of law supporting the arbitrator's decision, which must be based upon applicable law and supported by evidence meeting the judicial standards for the burden of proof for like claims made in court, under the law of the jurisdiction where the property is located. Judgment upon the award may be entered by any court of competent jurisdiction. Except as specifically set forth herein, the arbitrator shall have the ability to grant all equitable and legal remedies, declaratory and injunctive relief, as may be available under applicable law.

d. <u>No Class Action Arbitration</u>. All disputes subject to arbitration under this agreement shall be arbitrated individually, and shall not be subject to being joined or combined with claims of any other person or class of persons. **NOTWITHSTANDING ANYTHING TO THE CONTRARY SET FORTH HEREIN, THE PARTIES HERETO SPECIFICALLY AND EXPRESSLY WAIVE ANY RIGHT TO PROCEED AS A**

PART OF A CLASS, OR SERVE AS A CLASS REPRESENTATIVE, IN AN ARBITRATION UNDERTAKEN PURSUANT TO THIS AGREEMENT OR IN ANY COURT PROCEEDING.

3. <u>Exclusions from Arbitration</u>. This Agreement shall not apply to or limit the rights of the Title Company at any time before, during or after any arbitration, in accordance with the terms set forth in the Loan/Title documents, to take any of the following actions which shall not be subject to arbitration:
    a. <u>Collection Rights Upon Default of Borrower/Seller Title Company Affidavit</u>. The Title Company reserves the right to commence judicial or other proceedings under their Borrower/Seller Affidavit seeking collection of sums owed for items including but not limited to reimbursement of taxes, violations, escrow monies, payoff shortages, typographical or clerical errors, overpayments or other items that were paid by the Title Company on behalf of the Borrower/Seller.
    b. <u>No Waiver</u>. The institution and maintenance of an action for judicial relief in a court of the type described in Section 3 shall not be considered a waiver of the right of any party to compel arbitration regarding any other dispute or remedy subject to arbitration under this Agreement, including the filing of a counterclaim or the raising of any defense other than procedural defenses, by Borrower/Seller in response to an action brought in court within this Section 3, to enforce the monetary obligations under the terms of the Title Company Borrower/Seller Affidavit document.

4. <u>Voluntary Waiver</u>. NOTICE. BY SIGNING THIS ARBITRATION AGREEMENT, THE PARTIES ARE AGREEING TO HAVE ANY DISPUTE ARISING FROM THE LOAN/TITLE DOCUMENTS, AS DESCRIBED ABOVE, RESOLVED EXCLUSIVELY BY ARBITRATION, AND ARE HEREBY KNOWINGLY AND VOLUNATILY WAIVING ANY RIGHT TO LITIGATE ANY SUCH DISPUTES IN COURT, AND THE PARTIES ARE ALSO WAIVING ANY RIGHT TO A TRIAL BY JURY.

5. <u>Confidentiality</u>. To the extent permitted by applicable law, all proceedings pursuant to or in connection with this Agreement shall be kept strictly confidential, except for disclosures of information required in the ordinary course of business of the parties or by applicable law or regulation. This provision shall not exempt from discovery or use in any other or future action any evidence otherwise discoverable merely because it is presented in, referred to, or discussed in the course of, or in connection with, proceedings pursuant to this agreement.

6. <u>Severability</u>. If any provision of this Agreement is found to be unenforceable, the remaining provisions shall be enforced to the extent permitted by applicable law and in lieu of any such unenforceable provision, there shall be substituted in its

place a provision as similar in substance and effect as is capable of being enforced.

7. <u>Successors and Assigns</u>. This Agreement shall be binding upon, and shall inure to the benefit of, the parties and their respective successors and assigns, heirs and personal representatives, as applicable.

8. <u>Entire Agreement; Amendments; Other Governing Law</u>. This Agreement constitutes the entire agreement of the parties with respect to its subject matter and supercedes all prior discussions, arrangements, negotiations, any other communications, if any, on dispute resolution. The parties agree that this Agreement not be amended or modified in any respect except in writing. Except as otherwise specifically provided herein, this Agreement shall be governed by the laws, excluding conflicts of laws principles, of the State of Maryland.

By signing below, the parties hereto accept and agree to all of the forgoing provisions.

_____ Date        _/s/ Gertrude M. Tuck/_ [Seal]
                                    Gertrude M. Tuck

_____ Date        _____ [Seal]

_____ Date        _____ [Seal]

_____ Date        _____ [Seal]

_____ Date        _____ [Seal]

_____ Date        _____ [Seal]

_____ Date        _____ Date

_____ Date        _____ Date

Armour Settlement Services, LLC

_____[signature]_____[Seal]
By: Authorized Title/Settlement Agent

_____6/18/10_____Date

| | | |
|---|---|---|
| GERTRUDE TUCK | * | IN THE |
| Plaintiff | * | CIRCUIT COURT |
| v. | * | FOR |
| GMAC MORTGAGE, et al. | * | BALTIMORE COUNTY |
| Defendants | * | CASE NO.: 03-C11-009183 |

\* \* \* \* \* \* \* \* \* \* \* \*

## ORDER

Upon the foregoing Motion to Dismiss Complaint for Failure to State a Claim Upon Which Relief Can Be Granted and To Enforce Arbitration Agreement, the same having been received, read and considered, it is this _____ day of _____, 2011, by the Circuit Court for Baltimore County:

**ORDERED,** that the Plaintiff's Complaint is hereby dismissed.

**ORDERED,** that the Plaintiff abide by the terms and conditions set forth in the Arbitration Agreement entered into on June 18, 2010.

**ORDERED,** that this Order remain subject to the continuing jurisdiction and further Order of this Court.

_____
JUDGE